IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID DENNEY, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden CYNTHIA NELSON and JOHN DOE Cert Officers, | : | NO. 1:06-CV-172 (WLS) |
| Defendants | : | |
| | : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **MICHAEL DAVID DENNEY**, an inmate at Ware State Prison in Waycross, Georgia, has filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is **ORDERED** that hereafter plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

1

## I. BACKGROUND

Plaintiff sues "John Doe CERT Officers" and former Autry State Prison Warden Cynthia Nelson alleging that he was denied access to the courts during his incarceration at Autry State Prison.

According to plaintiff, on August 4, 2006, four unknown CERT officers confiscated "22 bundles of legal pleadings concerning plaintiff's pro se federal criminal challenges to his conviction and appeals." Plaintiff indicates that his legal materials were never returned to him. Plaintiff claims that the officers thereafter placed plaintiff in administrative segregation, pursuant to orders given by former Warden Nelson, apparently in retaliation for plaintiff's "jailhouse lawyering." Plaintiff seeks compensatory and punitive damages against the defendants.

## II. ORDER TO SUPPLEMENT

Prisoners have a constitutional right of access to the courts. ***Bounds v. Smith***, 430 U.S. 817 (1977). But in ***Lewis v. Casey***, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited ***Bounds*** by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. ***Id.*** at 2177-79. To prove actual injury, the prisoner must demonstrate that the alleged violation hindered his efforts in presenting a non-frivolous claim concerning his conviction or conditions of confinement. ***Id.*** at 2181. The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. ***Id.*** at 2181-82; ***Wilson v. Blankenship***, 163 F.3d 1284 (11th Cir. 1998).

3

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his allegations can be made. Accordingly, with regard to plaintiff's access to courts claim, plaintiff is instructed to supplement his complaint by stating in detail:

(1) the nature of his missing legal materials;

(2) the case name and number, as well as the specific type of litigation of any court case that was allegedly impaired as a result of plaintiff's inability to obtain legal materials; and

(3) the specific way plaintiff was hindered in each case and how such injury would have been avoided had his legal materials not been confiscated.

Plaintiff is advised that his description of the "John Doe" defendants is problematic for purposes of service. Therefore, if plaintiff wishes to pursue claims against these defendants, he must try and ascertain their names.

## III.  NOTICE

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claim. The Court will review the supplement to determine whether plaintiff's claim may go forward and which, if any, defendants should be served with a copy of the complaint. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

4

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 1ˢᵗ day of February, 2007.


>   */s/ Richard L. Hodge*
>   RICHARD L. HODGE
>   UNITED STATES MAGISTRATE JUDGE

5