IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICHAEL DAVID DENNEY, :
:
    Plaintiff :
:
:
VS. : **1 : 06-CV-172 (WLS)**
:
CYNTHIA NELSON, et al., :
:
:
    Defendants. :

**RECOMMENDATION**

    Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are various motions filed by the plaintiff and defendant Nelson. The plaintiff filed this action in February 2007, raising allegations of denial of access to the courts following the confiscation of legal materials at Autry State Prison in August 2006. Specifically, the plaintiff alleges that on or about August 4, 2006, he was placed in administrative segregation and CERT team members confiscated all of his personal property, including "22 bundles of legal pleadings concerning plaintiff's pro-se federal criminal challenges to his conviction and appeals and his 5 law books. Plaintiff's complaint at p. 4. In a court-ordered supplement to his complaint, the plaintiff alleges that the seized materials included "exculpatory evidence in plaintiff's state criminal case, case number 2002-R-201, and . . . plaintiff's Federal Criminal Case, Case number: 5:01-CR-75-DF, and appeal number 03-11234EE." Plaintiff's Supplement to Complaint at p. 3.

*Defendant's Motion to Dismiss*

    In her pre-answer Motion to Dismiss, defendant Nelson argues that plaintiff has failed to state a valid denial of access to the courts claim inasmuch as all of the cases or actions to which

the plaintiff points were concluded prior to the confiscation of his personal property in August 2006.

The defendant's motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

In order to establish a denial of the right of access to the courts, the plaintiff must have suffered an actual injury. In Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996) the Supreme Court reiterated this requirement of showing an actual injury in order to state a claim of denial of access, stating that "[t]he requirement that an inmate alleging [denial of access to the courts] must show actual injury derives ultimately from the doctrine of standing, . . . It is the role of courts to provide relief to claimants, . . . who have suffered, or will imminently suffer, actual harm". Id. at 2179. "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. . . . Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343 (1996)). In Lewis, the Supreme Court specifically held that "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of

the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 116 S. Ct. at 2182.

The defendant maintains that the plaintiff cites to only three actions allegedly affected by the confiscation of his materials and that each of these actions had reached a conclusion and final dispositions had been entered by the courts, prior to the August 2006 events underlying this lawsuit.. Defendant Nelson maintains, supported by the pertinent court records for each case, that plaintiff's federal criminal action was concluded with the entry of final judgment in December 2005, that his appellate action in the Eleventh Circuit Court of Appeals was closed in December 2003, and that his state court action in the Superior Court for Coweta County was concluded by the Georgia Supreme Court in December 2005. The plaintiff does not rebut or even challenge defendant's recitation of events or conclusions, nor does the plaintiff support his allegation that the confiscation of his materials in August 2006 prevented him from timely pursuing other means of collateral attack of his conviction(s).

Accordingly, it is the recommendation of the undersigned that the Motion to Dismiss filed by defendant Nelson be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 12th day of December, 2007.

/s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE