IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICHAEL DAVID DENNEY,

                Plaintiff

    VS.

CYNTHIA NELSON, *et al.,*

                Defendants

**NO. 1:06-CV-172 (WLS)**

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

Plaintiff MICHAEL DAVID DENNEY submitted this matter for filing in December of 2006, raising allegations of denial of access to the courts following the confiscation of legal materials at Autry State Prison in August, 2006. The court granted defendant Nelson's pre-answer Motion to Dismiss on January 14, 2008, based on a determination that the plaintiff failed to allege an actual injury and was thus barred from pursuing an access to the courts claim. Tabs #24 and #21. On appeal, the Eleventh Circuit Court of Appeals vacated the dismissal of plaintiff's complaint, and remanded for further proceedings, finding that "[b]ecause the confiscation of Denney's materials allegedly hindered the timely filing of a habeas petition, Denney alleged an actual injury to his right of access to the courts." Tab #46.

*Motion for injunctive relief*

Plaintiff Denney has filed a motion seeking injunctive relief. Tab # 47. In his motion, he seeks an order directing defendant Nelson to return the confiscated legal materials that form the basis of this lawsuit.

In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motion reveals an inadequate basis for the issuance of an injunction.. Plaintiff Denney has not established that he is entitled to such relief, *i.e.*, that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. The court notes that defendant Nelson maintains that she did not confiscate and does not have possession of the alleged documents. Accordingly, IT IS THE RECOMMENDATION of the undersigned that plaintiff's motions seeking injunctive relief be DENIED.

*Deposition*

Defendant CYNTHIA NELSON has filed a motion seeking either the dismissal of this lawsuit or an order compelling the plaintiff's participation in a deposition. Tab # 55. On June 25, 2009, defense counsel served Plaintiff with a Notice of Deposition, scheduling his deposition to be taken at Hays State Prison on July 14, 2009. Defense counsel became suddenly ill in the early morning hours of July 14, 2009, and was unable to carry out the deposition and contacted the appropriate parties to cancel and postpone the deposition. Upon returning to her office on July 16, 2009, defense counsel served

Plaintiff with an amended Notice of Deposition, rescheduling same for July 23, 2009. Defense counsel traveled to Hays State Prison on July 23, 2009, prepared to take plaintiff's deposition. However, plaintiff objected to the taking of his deposition on that date and largely refused to respond to defense counsel's questions. On July 30, 2009, plaintiff filed objections to defendant's amended Notice of Deposition and to the taking of his deposition on July 23, 2009, arguing that he was not provided with an adequate amount of time to prepare for the July 23rd deposition. Based on plaintiff's refusal to cooperate with the taking of his deposition, defendant Nelson seeks to have this matter dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure, or in the alternative, an order compelling plaintiff's participation in a deposition and imposing sanctions for his earlier refusal to be deposed.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of the relevant events and plaintiff's July 23, 2009, deposition testimony does not reveal an adequate record of delay or willful contempt on the part of the plaintiff to support a recommendation of dismissal herein. Plaintiff appears to have answered a portion of counsel's deposition questions and refused to answer others. Given the circumstances of this case, in which the initially scheduled deposition was abruptly cancelled and notice was given for another date, and in light of the plaintiff's *pro se* prisoner status, the court cannot say at this time that dismissal is warranted. Therefore, IT IS THE RECOMMENDATION of the undersigned that defendant Nelson's Motion to Dismiss be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

Defendant Nelson's request for an order compelling plaintiff's deposition is hereby GRANTED.  At this time, the court will not impose sanctions on the plaintiff.  However, the plaintiff is cautioned that his refusal to submit to the defendant's properly noticed deposition MAY RESULT IN THE DISMISSAL OF THIS LAWSUIT UNDER RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE.  The discovery period is hereby reopened for a period of **FORTY-FIVE (45) DAYS** from the filing date of this order to allow for the taking of plaintiff's deposition.

**SO ORDERED AND RECOMMENDED**, this 20th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE