IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MICHAEL DAVID DENNEY,  :
:
       Plaintiff,  :
:
VS.  :
:    1: 06-CV-172 (WLS)
CYNTHIA NELSON,  :
:
       Defendant.  :

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the Defendant's Motion to Dismiss and Motion for Summary Judgment. (Docs. 83, 76). The Court notified the Plaintiff of the filing of both the Defendant's Motion to Dismiss and Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's order (Motion to Dismiss) or receipt of the Court's order (Motion for Summary Judgment). (Doc. 86, 77). Plaintiff having objected to the Defendant's filing of a Motion for Summary Judgment on timeliness grounds, the Court allowed the Plaintiff time to file any additional response to Defendant Nelson's Motion for Summary Judgment. (Doc. 89). The Plaintiff did not file any additional response to the Defendant's Motion for Summary Judgment.

Plaintiff filed this action in December 2006, raising allegations of denial of access to the courts following the confiscation of legal materials at Autry State Prison in August 2006. Specifically, Plaintiff alleges that on or about August 4, 2006, he was placed in administrative segregation and CERT team members confiscated all of his personal property, including "22 bundles of legal pleadings concerning plaintiff's pro-se federal criminal challenges to his conviction and appeals and his 5 law books." (Doc. 5).

The Court issued a Recommendation on December 13, 2007, recommending that the

Defendant's Motion to Dismiss be granted based on Plaintiff's failure to state a valid denial of access to the courts claim. (Doc. 21). This Recommendation was adopted by the District Judge to whom this matter is assigned on January 14, 2008. (Doc. 24). Plaintiff appealed this decision, and the Eleventh Circuit Court of Appeals ultimately vacated the dismissal of Plaintiff's Complaint and remanded for further proceedings. (Doc. 46).

*Motion to Dismiss*

Subsequent to the filing of her Motion for Summary Judgment, the Defendant filed a Motion to Dismiss, asserting that the Plaintiff had accrued three strikes prior to the filing of this lawsuit, and that the Plaintiff had knowingly provided the Court with erroneous information regarding his past legal filings and lawsuits, and had therefore abused the process of this Court. (Doc. 83).

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must

accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

The Defendant directs the Court's attention to the Plaintiff's initial Complaint, and points out that in filing his initial Complaint with this Court on December 22, 2006, the Plaintiff responded "No" to the following question:

> 4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment?

(Doc. 2, p. 2)(emphasis in original). The Defendant asserts that the Plaintiff had, in fact, at the time he filed this lawsuit, already filed at least five (5) previous suits challenging the conditions of his imprisonment and not related to an appeal of his conviction or sentence. (Doc. 83, Exh. A). Thus, the Defendant maintains, the Plaintiff failed to disclose prior litigation when he filed this lawsuit and submitted false testimony in answering "No" to the complaint form question, thereby abusing the judicial process. Additionally, the Defendant points out that Plaintiff changed the spelling of his last name in filing these lawsuits, rendering statistical tracking of Plaintiff's litigation history more difficult. The Defendant seeks dismissal of this lawsuit based on Plaintiff's abuse of the judicial process herein. (Docs. 83, 88, 90).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – is frivolous or malicious." In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199 (2007), the Eleventh Circuit found that a case dismissed for abuse of the judicial process, "is

precisely the type of strike [based on frivolousness or maliciousness] that Congress envisioned when drafting section 1915(g)." *Id.* The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) has been exerted and upheld on multiple occasions. *See, Shelton v. Rohrs*, 2010 WL 5122580 (11th Cir.) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation);*Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986) (noting that court had discretion to dismiss suit without prejudice under 28 U.S.C. § 1915 based on a false allegation of poverty); *Wells v. McNiff*, 2010 WL 3927773 (M.D.Ga.)(CDL) (dismissing complaint as frivolous under 1915(e)(2)(B)(i)); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla.) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation); *Tucker v. Santa Rosa County Sheriff's Dep't.*, 2007 WL 1245899 (N.D.Fla.) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of judicial process); *Williamson v. Hamelton*, 2007 WL 1746916 (N.D.Fla.) (dismissal pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation).

The Court notes that by virtue of the Order providing notice of Defendant's Motion to Dismiss, the Plaintiff has been provided with notice and a reasonable opportunity to respond to Defendant's contentions. *See, Hood v. Tompkins*, 197 Fed.Appx. 818, 819 (11th Cir. 2006) (plaintiff's opportunity to file objections to Magistrate Judge's report satisfied notice requirement). The Plaintiff has, in fact, responded to the charge that his Complaint should be dismissed for failing to disclose prior lawsuits. (Doc. 87).

In *Rivera*, the Eleventh Circuit specifically upheld a dismissal based on abuse of process,

wherein the inmate plaintiff had failed to fully disclose all prior litigation on his civil complaint form. *Rivera,* 144 F.3d at 731. Additionally, in *Hood*, 197 Fed.Appx. at 819, the Court upheld a sanction of dismissal based on a prisoner plaintiff's failure to disclose prior lawsuits, finding the relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court.

Moreover, in *Redmon v. Lake County Sheriff's Office, et al.,*, 2011 WL 476601 (11th Cir.), a case recently decided by the Eleventh Circuit, the Court provided additional directives regarding cases involving abuse of judicial process. In *Redmon*, the lower court had determined that the plaintiff's false response to a complaint form question was an abuse of judicial process and that dismissal of his suit without prejudice was a proper sanction therefore. *Id.* The Eleventh Circuit found that "a district court may impose sanctions if a party knowingly files a pleading that contains false contentions", and that "[a]lthough pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules." *Id.*, * 4.

The Eleventh Circuit affirmed the district court's dismissal of plaintiff's complaint, finding that:

> [a]fter review of the record and consideration of Plaintiff's brief, we find no abuse of discretion. Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint. . . . The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit - that he misunderstood the form - did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction. The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district

5

> court was entitled to conclude that Plaintiff had abused the judicial
> process when he failed to do so.

*Id.*

The complaint form questions at issue in the *Redmon* case are virtually identical to the complaint form question at issue herein, and asked:

> Have you initiated other lawsuits in state [or federal] court dealing
> with the same or similar facts involved in this action or otherwise
> relating to your imprisonment or conditions thereof?

*Id.* \* 1, \* 2.

Although the Plaintiff herein contends in his response to Defendant's Motion to Dismiss that he misunderstood the question regarding prior lawsuits, and that his answer of "No" pertained to the portion of the question regarding prior lawsuits "dealing with the <u>SAME FACTS</u>", the Eleventh Circuit ruled in *Redmon* that this substantively identical question as posed, "clearly asked Plaintiff to disclose previously filed lawsuits . . . otherwise relating to his imprisonment" and that an explanation of misunderstanding the form "did not excuse the misrepresentation" in responding falsely thereto. *Id.,* \* 4. This analysis controls the resolution of Defendant's Motion to Dismiss herein, and directs that it is within this Court's discretion to find that Plaintiff's Complaint should be dismissed without prejudice due to Plaintiff's abuse of the judicial process. *See also, Young,* 380 Fed.Appx at 941 ("the district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases. The hindrances he identified did not absolve him of the requirement of disclosing, at a minimum, all of the information that was known to him.").

Based on the Plaintiff's misrepresentation regarding prior lawsuits in his initial Complaint, and Plaintiff's failure to disclose any of his prior lawsuits, it is the finding of the

undersigned that Plaintiff has abused the judicial process herein.  Accordingly, it is the recommendation of the undersigned that the Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

*Motion for Summary Judgment*

Inasmuch as the Court has recommended that Defendant's Motion to Dismiss be granted, Defendant's Motion for Summary Judgment has been rendered moot.  Accordingly, it is the recommendation of the undersigned that Defendant's Motion for Summary Judgment be **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these Recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of these Recommendations.

**SO RECOMMENDED**, this 11th day of March, 2011.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb